UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-TP-20045-BB-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ERIC A. SEIDEN,

    Defendant.
_____/

***ERIC SEIDEN'S ANSWER TO GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND CONDITIONS OF SUPERVISED RELEASE***

The Defendant, ERIC A. SEIDEN, hereby provides his *Answer* to the *Government's Response in Opposition to Defendant's Motion to Amend Conditions of Supervised Release*[1] filed by the Plaintiff, United States of America, on November 12, 2020 and states:

1. The position of the United States, as reflected in its *Government's Response,* is untenable. The Government, in its *Response,* alludes to the theme of term of "just punishment." The Defendant could not agree more, with that very theme given the multiple issues which *favor* the granting of your Defendant's *Motion*[2] as Defendant's circumstances of offense are thoroughly mitigated by:

    • The passage of time, eleven and a half years, since the actual offense's most recent event (June 20, 2009), using the Government's date as contained in its *Response*;

    • The Defendant's successful participation during his ten year incarceration period in multiple ameliatory programs, first as a

---

[1] Doc. 4.

[2] Doc. 3.

Page 2
United States District Court, Southern District of Florida
RE:     *United States v. Eric A. Seiden*
        Case No.: 1:20-TP-20045-BB-1
*Eric Seiden's Answer to Government's Response in Opposition to Defendant's Motion to Amend Conditions of Supervised Release*

- participant, subsequently as an instructor within the Bureau of Prisons;

- The complete unforeseeability of the current COVID scenario which causes blind reliance on tele-medicine, internet banking, pharmacy prescription efforts, participation in religious events, as well as everyday shopping, combined with the equally unforeseen trend of cyber reliance as an everyday occurrence, even in the absence of a Coronavirus type pandemic;

- The real time situational reality of the possibility of the Defendant having to travel to the Middle District of Florida to attend to his mother's physical and financial needs, as unforseen circumstances may dictate;

- The agreement by the parents of nieces and nephews that Mr. Seiden be permitted to engage in family gatherings where minor children are present, without restraint.

2.      The Government mischaracterizes the relief sought as a global request, painting Mr. Seiden as serial pedofile.  The reality is that the events which led to the Defendant's conviction and subsequent incarceration, took place with *one* victim, more than a decade ago.  While not minimizing the seriousness of what took place, it is necessary for it to be seen in its true light, as opposed to the inaccurate picture the Government seeks to portray, implying - without any viable proof or sustenance - that

Page 3
United States District Court, Southern District of Florida
RE:    *United States v. Eric A. Seiden*
       Case No.: 1:20-TP-20045-BB-1
*Eric Seiden's Answer to Government's Response in Opposition to Defendant's Motion to Amend Conditions of Supervised Release*

the Defendant's "risk of reoffending is too great" were he to be permitted: to use the internet for health, religious, banking and shopping purposes; travel to Maitland, Florida to attend to his elderly mother's ever increasing health related or financial needs; or, to participate in family-related matters where minor children are present.

    3.    The Government suggests that the fact the Defendant has a supportive family "presumably would be able to assist him in caring for his mother in cases of emergency".[3]  The reality is, however, the Defendant's only sister is a businessperson in charge of an all consuming family enterprise in South Florida and has two young children.  Thus, she is hardly in a viable nor realistic position to be of immediate help were an out of town issue with the mother to arise.  Consequently, this leaves Mr. Seiden as *the* responsible caregiver.

    4.    With respect to the Government's suggestion of Mr. Seiden having an elevated risk of recidivism, if anything, your Defendant has displayed by his accomplishments during incarceration via participation in multiple programs, that the opposite of that suggestion is true.  Mr. Seiden is NOT a likely recidivist.  Testimonials from parents of the children he would be in contact with further underscore this point.

    5.    Put differently, the Government's position is not one of prudent weariness but one of subtle yet, paradoxically, wild exaggeration as evinced by his being wrongly called a "hands on abuser of children,"[4] falsely implying, for sordid impact, there were

---

[3]Doc. 4, Page 6, Paragraph 1.

[4]Doc. 4, Page 6, Paragraph 2.

Case 1:20-tp-20045-BB   Document 8   Entered on FLSD Docket 11/18/2020   Page 4 of 4

...

Case 1:20-tp-20045-BB   Document 8   Entered on FLSD Docket 11/18/2020   Page 4 of 4

Page 4
United States District Court, Southern District of Florida
RE:   *United States v. Eric A. Seiden*
       Case No.: 1:20-TP-20045-BB-1
*Eric Seiden's Answer to Government's Response in Opposition to Defendant's Motion to Amend Conditions of Supervised Release*

(or could be) multiple victims when, thankfully, this matter was limited to only one victim who, in fact, was *not* a family member nor friend, thus further nullifying the Government's reliance on *U.S. v. Mickelson.*[5]  Put differently, the Government's argument in response to the Defendant's *Motion* is one dependant emotion and innuendo, while the Defendant's position is based on fact and reality.

6.   The Government's *Response* does acknowledge that this Court is imbued with the authority to modify the *Conditions of Supervised Release* by statute[6] and, as your Defendant urged in his *Motion*, the Court's inherent power to do justice.

7.   Accordingly, the Defendant reaffirms his *Motion to Amend Conditions of Probation* and respectfully requests this Court to amend his conditions of probation as requested therein in the interests of justice.

**I HEREBY CERTIFY** that on November 18, 2020 undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

> LAW OFFICES OF MARIO S. CANO
> Attorneys for the Defendant
> Florida Bar Number 279412
> 2121 Ponce de Leon BL  #950
> Coral Gables, FL  33134-5230
> Telephone:   305/442-2121
> Facsimile:    305/441-2121
> MCano@CanoLawMiami.com
>
> By:_____s/Mario S. Cano_____
>          MARIO S. CANO

---

[5] 433 F. 3d 1050, 1058 (8th Cir. 2006).

[6] 18 USC §3582(e)(2) and 18 USC §3583(b) and (e).