## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO, 20-TP-20045-BB

**UNITED STATES OF AMERICA**

**vs.**

**ERIC SEIDEN,**

> **Defendant.**

_____/

### GOVERNMENT'S RESPONSE
### IN OPPOSITION TO DEFENDANT'S MOTION TO TRAVEL

The United States, by and through the undersigned Assistant United States Attorney, respectfully submits this response in opposition to the Movant's, Eric Seiden, motion to travel (the "Motion") (DE 10).   Claiming that the United States Probation Office ("Probation") has arbitrarily denied his request to travel, the Movant asks the Court to override Probation's decision. As discussed more fully below, the Court should deny the Motion because the denial of the Movant's request was not arbitrary but based upon the fact that he did not comply with the conditions of his supervised release.   In support thereof, the United States states as follows:

1.      In December of last year, the Movant submitted a request to Probation, seeking to travel to Orlando to visit his mother approximately once per month.

2.      On January 11, 2021, Probation sent the request to the probation office in the Middle District of Florida, so that they could inspect the Movant's mother's home to determine if it was suitable considering his sex offender status.   The Middle District of Florida denied the request because the residence did not meet the requisite requirements.    Specifically, her residence is near schools and daycares and is also equipped with a computer that has access to the internet. Probation asked the Movant to provide an alternative location to reside at while he visited his

mother.

3.      In mid-February of 2021, Probation received the Movant's request for the approval of an alternate location, which was the Hampton Inn.   Because of the Movant's underlying offense, which involves driving from Miami to Orlando to have sex with a minor in a hotel, Probation did not believe that the new proposed location was suitable.   Additionally, shortly before receiving the request for approval of the alternative location, the Movant, on February 10, 2020, had self-reported that he used his computer to send personal emails, which was not authorized by the Court.    In addition, on February 11, 2021, Probation discovered that the Movant had obtained secondary employment without notifying Probation and obtaining the requisite approval.

4.      Probation advised the Movant that his conduct did not comply with the terms of his supervised release and, based on that conduct, denied his request to travel.   Accordingly, based on the Movant's failure to abide by the conditions of his supervised release and to provide a suitable location to reside at while he visits his mother, the United States believes that the Movant should not be allowed to travel at this time and opposes the Motion.

### III.     Conclusion

Based on the foregoing, the United States respectfully requests that the Court deny the

Movant's Motion.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:     */s/ Quinshawna S. Landon*
QUINSHAWNA S. LANDON
ASSISTANT U.S. ATTORNEY
Florida Bar No. 99835
99 NE 4th Street, 4th Floor
Miami, Florida 33132-2111
Tel. No. (305) 961-9362
E-mail: Quinshawna.Landon@usdoj.gov

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 3, 2021, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF.

*/s/ Quinshawna S. Landon*
QUINSHAWNA S. LANDON
ASSISTANT U.S. ATTORNEY